OPINION
{¶ 1} This matter is before this court upon the appeal of Dante L. Marable, defendant-appellant, from the judgment of the Franklin County Court of Common Pleas which overruled appellant's motion to withdraw his guilty plea. A motion to reconsider this decision was also denied by the court. Appellant sets forth the following assignment of error on appeal:
Whether the trial court erred to the prejudice of appellant by overruling appellant's motion to withdraw guilty plea without an evidentiary hearing.
 {¶ 2} In November 1994, appellant was indicted on multiple counts by a Franklin County Grand Jury. Appellant was charged with one count of aggravated murder and one count of attempted aggravated murder. Both counts carried a specification alleging that appellant had a firearm on or about his person or under his control during the commission of the offenses.
 {¶ 3} A jury trial commenced on March 30, 1995. After deliberating, the jury indicated that it had reached a verdict; however, when it became apparent that the jury had only reached a verdict as to the attempted murder count, the court instructed the jury to continue its deliberations. While the jury continued its deliberations, a plea agreement was reached between the state and the defense. Soon thereafter, the jury indicated that it had reached a verdict. Appellant elected to accept the state's offer and entered a guilty plea to one count of murder with a firearm specification. The trial court accepted the plea and sentenced him accordingly.
 {¶ 4} In May 1995, appellant filed a pro se motion with the trial court seeking leave to withdraw his guilty plea. On the same date, appellant timely filed a pro se notice of appeal to this court. Appellate counsel was appointed and asserted that the trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent, and voluntary.
 {¶ 5} This court overruled the assignment of error as follows:
The transcript of the plea proceedings evidences the trial court's full compliance with the requirements of Crim.R. 11. Upon specific and direct inquiry by the trial judge, appellant unequivocally acknowledged that he had been fully advised by counsel and understood all of the consequences of his guilty plea, notwithstanding his proclamations of innocence.
Appellant specifically stated that he was "taking the deal" in order to "get lesser time" in the event the jury returned a guilty verdict. (Tr. 829.) The state correctly points out that even where an appellant maintains his innocence, his pleading guilty to avoid a potentially harsher sentence does not necessarily invalidate the plea. "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the * * * crime." [North Carolina v.]Alford [(1970), 400 U.S. 25, 91 S.Ct. 160], supra, at 37.
State v. Marable (Nov. 14, 1995), Franklin App. No. 95APA05-581.
 {¶ 6} In June 2002, appellant filed an original action requesting that this court issue a writ of procedendo ordering Judge Patrick McGrath of the Franklin County Court of Common Pleas to rule on his motion to withdraw his guilty plea which had been filed in May 1995. A magistrate concluded that the trial court had neglected to rule on appellant's motion to withdraw his guilty plea, and ultimately the court granted appellant's request and a writ of procedendo issued requiring the trial court to rule upon appellant's pending motion to withdraw his previously entered guilty plea. State ex rel. Marable v. Franklin Cty. Court ofCommon Pleas, Franklin App. No. 02AP-663, 2002-Ohio-7447.
 {¶ 7} On October 4, 2002, the trial court denied appellant's motion to withdraw his guilty plea based upon the trial court's conclusion that appellant had not met the criteria of establishing manifest injustice. Specifically, the trial court indicated that appellant signed the guilty plea voluntarily, that he was not forced, threatened, or promised anything in exchange for his plea, that appellant had the opportunity to raise the issue of ineffective assistance of counsel and, having failed to do so, this claim was barred by res judicata. Additionally, the court determined that appellant had failed to provide any evidentiary support to demonstrate his attorney's alleged failures in his criminal trial. Appellant filed a motion for reconsideration, which was denied by the court on January 9, 2003. Thereafter, appellant filed a notice of appeal in this court. For the reasons that follow, this court overrules appellant's sole assignment of error.
 {¶ 8} The withdrawal of a guilty plea is governed by Crim.R. 32.1, which provides, as follows:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 9} A Crim.R. 32.1 motion is addressed to the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. The good faith, credibility, and weight of a defendant's assertions in support of his motion are to be resolved by the trial court. State v. Madeline (Mar. 22, 2002), Trumbull App. No. 2000-T-0156. Consequently, our review is limited to a determination of whether the trial court abused its discretion. Id. An abuse of discretion connotes more than an error of law or judgment; rather, it implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151.
 {¶ 10} When a defendant seeks to withdraw a plea of guilty after the trial court has imposed sentence, the defendant has the burden of establishing the existence of manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. The term "manifest injustice" has been variously defined; however, it is clear that under such a standard, a post-sentence withdrawal motion is allowed only in extraordinary cases. Id., citing United States v. Semel (C.A. 4, 1965),347 F.2d 228, certiorari denied 382 U.S. 840, rehearing denied382 U.S. 933.
 {¶ 11} Appellant cites State v. Shindler (1994), 70 Ohio St.3d 54, for the assertion that, in order to require a hearing on a motion, the movant must state with particularity the legal and factual basis with sufficient clarity to put the court and opposing party on notice of the issues to be decided. Counsel asserts that appellant made sufficient allegations in his original motion, and later in his affidavit accompanying his motion for reconsideration, that, if true, would lead to the conclusion that appellant was denied the effective assistance of counsel and his plea should be vacated. However, this court disagrees.
 {¶ 12} First, in his motion to withdraw his guilty plea, appellant failed to provide the court with any facts upon which the court could conclude that a hearing was warranted. In his appeal, appellant asserts that the trial court erred by denying the motion without an evidentiary hearing. However, it is clear from his original motion that appellant did not state with particularity any legal or factual basis upon which such a hearing would be warranted.
 {¶ 13} The Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment in a trial court. Pitts v.Dept. of Transportation (1981), 67 Ohio St.2d 378. Because there is no provision for such motions, any motion for reconsideration, as well as any judgment entered in response thereto, is considered a nullity. Id. at 380-381. See, also, State ex rel. Pendell v. Adams Cty. Bd. of Elections
(1988), 40 Ohio St.3d 58. Because there is no provision for a motion for reconsideration, anything appellant averred in his motion for reconsideration was not properly before the trial court as the trial court had already rendered judgment in the case.
 {¶ 14} In his motion, appellant vaguely alleged that his trial counsel was ineffective. A properly licensed attorney is presumed to have rendered effective assistance of counsel to a defendant. State v. Smith
(1985), 17 Ohio St.3d 98. In Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, the United States Supreme Court established a two-prong analysis for determining whether counsel's assistance was so defective as to require a reversal of conviction:
* * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
 {¶ 15} The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper function of the adversarial process that the trial court cannot be relied upon as having produced a just result. The proper standard of attorney performance is that of reasonably effective assistance. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. The defendant carries the burden of showing that counsel's deficient performance prejudiced his trial. Id. at 687-691. The burden is met where the reviewing court finds, given the totality of the evidence that, but for counsel's errors, the outcome would reasonably have been different. Id. at 691-696.
 {¶ 16} This court has already determined that appellant's guilty plea was made knowingly and voluntarily. In alleging that he would not have entered a plea of guilty but for trial counsel's ineffectiveness, appellant vaguely complains that trial counsel did not call witnesses who could have brought forth critical testimony. However, appellant both fails to name those witnesses and fails to identify the content of any prospective testimony. Appellant also asserts that, when he entered his plea, counsel misled him and pressured him into accepting the plea bargain which he did not fully understand However, as indicated previously, this court has already reviewed the transcript and concluded that the plea was made knowingly and voluntarily.
 {¶ 17} Appellant simply failed to meet the burden of establishing manifest injustice. Furthermore, appellant has failed to support his allegation with any specific facts from the record or in the form of affidavits submitted with his motion. In the present case, appellant has not demonstrated that the trial court abused its discretion by denying his motion to withdraw his guilty plea without a hearing. As such, appellant's assignment of error is not well-taken and is overruled.
 {¶ 18} Based on the foregoing, this court overrules appellant's sole assignment of error, and the judgment of the Franklin County Court of Common Pleas denying appellant's motion to withdraw his guilty plea is affirmed.
Judgment affirmed.
Lazarus and Bowman, JJ., concur.