OPINION
{¶ 1} Defendant-appellant, David James Honaker, appeals from the January 26, 2004 entry denying appellant's motion to withdraw his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On December 21, 1998, appellant and his wife, Donna Vest Honaker, were both indicted on one count of endangering children and one count of involuntary manslaughter for the death of their minor daughter, Sara Jane Honaker. On December 7, 1999, appellant entered an Alford plea to the involuntary manslaughter count of the indictment. The trial court entered a nolle prosequi the endangering children count of the indictment. On February 3, 2000, the trial court found appellant guilty of involuntary manslaughter and sentenced appellant to five to ten years' incarceration.[1] Appellant did not file a direct appeal from his conviction.
 {¶ 3} On March 3, 2003, appellant filed a motion to withdraw his guilty plea based on newly discovered evidence. On March 18, 2003, the trial court denied appellant's motion finding that appellant failed to support his allegation of newly discovered evidence pursuant to Crim.R. 33(C) or the existence of manifest injustice. The trial court also noted that it had been more than three years since it imposed sentence.
 {¶ 4} On November 5, 2003, appellant filed a "Motion to Suspend Further Execution of Sentence — Super Shock Probation Section 2947.061, Revised Code and in the Alternative, Post Sentence Motion to Withdraw Guilty Plea Pursuant to Ohio Criminal Rule 32.1." In an entry dated January 12, 2004, the trial court denied appellant's motion for an order suspending appellant's sentence and placing him on probation. On January 26, 2004, the trial court denied appellant's second motion to withdraw his guilty plea finding that a new trial is not supported by law or any sufficient evidence and that appellant's time limit to file the motion had expired. The trial court also noted that appellant did not demonstrate manifest injustice and that at trial, appellant voluntarily, knowingly, and intelligently entered his guilty plea. It is from this entry that appellant has filed his timely appeal, assigning as error the following:
The trial court erred in denying without a hearing Appellant's Motion to Withdraw Guilty Plea, thereby violating Appellant's right to due process of law as guaranteed by theFourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 5} Appellant argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea where there exists evidence of his "actual innocence." (Appellant's brief, at 1.)
 {¶ 6} Crim.R. 32.1 governs the withdrawal of a guilty or no contest plea and states:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 7} Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." Crim.R. 32.1; State v. Smith (1977),49 Ohio St.2d 261, paragraph one of syllabus. A manifest injustice has been defined as a "clear or openly unjust act." State exrel. Schneider v. Kreiner (1998), 83 Ohio St.3d 203, 208. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. Smith, supra, at 264. An accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. Id., at paragraph one of the syllabus.
 {¶ 8} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea `is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.'" State v.Patterson, Stark App. No. 2003CA00135, 2004-Ohio-1569, at ¶ 18, quoting State v. Blatnik (1984), 17 Ohio App.3d 201, 204;State v. Wynn (1998), 131 Ohio App.3d 725, 728. However, generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. Patterson, supra, citingState v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564.
 {¶ 10} While Crim.R. 32.1 does not prescribe a time limit after the imposition of a sentence by which a motion to withdraw a guilty plea must be made, it has been held that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith, supra, at paragraph three of the syllabus.
 {¶ 11} The trial court, in the case at bar, found that appellant's second motion for a new trial was not supported by sufficient evidence and that the time limit to file such a motion had expired. (Entry filed January 26, 2004.) The trial court further noted that appellant failed his burden of showing a manifest injustice warranting the withdrawal of a guilty plea, that appellant's plea was entered voluntarily, knowingly, and intelligently, and that appellant failed to file a direct appeal. Id.
 {¶ 12} In his second motion for withdrawal of guilty plea filed almost three years after he entered his guilty plea, appellant maintained that he was induced into entering theAlford plea with the understanding that his wife would be granted early release to care for their children. At the plea hearing, the following colloquy took place between appellant and the trial court:
Q. Mr. Honaker, are you entering a plea of guilty here today in order to avoid the consequences that might result from you going to trial and losing?
A. Yes, sir.
Q. Are you entering an Alford plea today?
A. Yes, sir.
(Tr. 20.)
* * *
Q. Has anyone made any threats or promises to you to get you to enter this plea?
A. No, sir.
Q. Do I understand this plea is being entered of your own free will and volition, is that correct?
A. Yes.
(Tr. 22.)
* * *
THE COURT: Then I will accept your plea. Again, I think you have knowingly, voluntarily and intelligently waived the rights that I have explained to you. We have discussed the penalties. I also feel that you understand what you are doing here right now, and that you are doing it voluntarily.
(Tr. 23.)
 {¶ 13} Appellant's counsel addressed the court, stating:
* * * Just for purpose underlying the Alford plea, we were approached this morning relative to a mutual plea arrangement. If a mutual plea arrangement wasn't satisfied, then a different plea offer would be offered to the codefendant.
Therefore, one of the most important factors in entering his Alford plea here today was the affect on the co-defendant. * * *
(Tr. 23 — 24.)
 {¶ 14} The trial court, in further addressing appellant, stated:
* * * There is one other thing I want to make clear, Mr. Honaker. Your attorney has just mentioned about the fact of the different types of plea options that were offered to you here. I want to make sure that, as you stand here right now, you[r] entering this Alford plea of guilty freely and voluntarily.
Mr. HONAKER: Yes, sir.
(Tr. 26.)
 {¶ 15} The trial court, in the March 18, 2003 entry denying appellant's motion to withdraw guilty plea noted that it indicated at the plea hearing that it would consider judicial release for Donna Honaker.
 {¶ 16} Appellant has failed to prove that the withdrawing of his guilty plea is "necessary to correct manifest injustice."State v. Stumpf (1987), 32 Ohio St.3d 95, 104. A review of the record reveals that appellant entered his guilty plea voluntarily, and with the full knowledge and understanding of the consequences to such a plea. Appellant, after being appraised of the ramifications of the guilty plea, told the trial court that he understood the penalty and was still willing to enter into theAlford plea of guilty. (Tr. 23-24.) Appellant also told the trial court that no promises were made to him by entering a plea of guilty. (Tr. 22.)
 {¶ 17} Appellant's change of mind or "change of heart" does not create a manifest injustice. A defendant's mere change of heart about a guilty plea is not grounds for sustaining a Crim.R. 32.1 motion to withdraw a plea. State v. Grigsby (1992),80 Ohio App.3d 291, 301; State v. Drake (1991),73 Ohio App.3d 640, 645; State v. Lambros (1988), 44 Ohio App.3d 102, paragraph one of the syllabus. It is well established that a mistaken belief as to the consequences of the plea is insufficient to withdraw such a plea. State v. Sabatino (1995),102 Ohio App.3d 483, 486; State v. Hunt (Aug. 8, 1996), Cuyahoga App. No. 69726.
 {¶ 18} Furthermore, we find that appellant's self-serving affidavit stating that he entered his guilty plea because his lawyer and his wife's lawyer "told me that if my wife was sent to prison, the judge would let my wife out after six months to take care of the 4 smallest children and keep the family together" was insufficient to demonstrate manifest injustice. It was not a "clear or openly unjust act" for the trial court to deny appellant's motion, as the trial court noted that it would consider shock probation for Donna Honaker, not that it would indeed grant judicial release after she served a six month sentence. (Entry filed March 18, 2003.) "Where nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary." Laster, supra, at ¶ 8. The record evidences that appellant entered his plea voluntarily, knowingly, and intelligently as appellant told the trial court that no threats or promises were made to him to enter his Alford plea and that he was entering the Alford plea on his own free will and volition. (Tr. 22.)
 {¶ 19} Additionally in his motion, appellant alleges that Dr. Fardal, of the Franklin County Coroners' Office, told appellant's counsel that Dr. Fardal wished that he were aware of the presence of lead paint in the area in which Sarah slept and that Sarah ate paint chips, as his observations during the autopsy of Sarah were consistent with that lead poisoning. However, a review of the record shows that appellant did not produce an affidavit from Dr. Fardal who would testify concerning his opinion nor any evidence to support appellant's claim that Sarah died from lead poisoning.
 {¶ 20} Upon our review of the record, we find that the trial court did not abuse its discretion in overruling appellant's motion, without a hearing, since such decision was not arbitrary, unconscionable or unreasonable. Appellant has failed to meet his burden of showing a manifest injustice warranting the withdrawal of his guilty plea. As such, appellant's sole assignment of error is not well-taken and is overruled.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.
[1] Donna Honaker was found guilty of involuntary manslaughter and sentenced to three to ten years' incarceration. She has not appealed her sentence.