OPINION
{¶ 1} This is an appeal by defendant-appellant, Albert D. Dennison, from a judgment entry of the Franklin County Court of Common Pleas, denying appellant's motion to withdraw his guilty plea.
 {¶ 2} On March 23, 2003, appellant was indicted on five counts of rape, in violation of R.C. 2907.02. On October 14, 2003, pursuant to a plea bargain, appellant appeared before the trial court and entered an "Alford" plea to a reduced charge of endangering children, a violation of R.C. 2919.22, under Count one of the indictment. Upon recommendation of the state, the court entered a nolle prosequi as to the remaining counts of the indictment. By judgment entry filed on October 15, 2003, the court imposed a sentence of three years imprisonment.
 {¶ 3} On January 26, 2004, appellant filed a pro se motion to withdraw his guilty plea. In his accompanying memorandum in support, appellant argued that he did not fully understand the nature and consequences of his Alford plea. The state filed a memorandum contra appellant's motion to withdraw his plea. By entry filed on March 5, 2004, the trial court denied appellant's motion to withdraw his plea.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for review:
The trial court erred when it overruled the defendant's motion to withdraw his guilty plea.
 {¶ 5} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, and a reviewing court will not disturb the court's determination absent an abuse of discretion. State v. Marable, Franklin App. No. 03AP-97, 2003-Ohio-6653, at ¶ 9.
 {¶ 6} In the present case, appellant's request to withdraw his plea was made post-sentence, and, therefore, "the standard by which the motion was to be considered was `to correct manifest injustice.'" State v. Honaker, Franklin App. No. 04AP-146,2004-Ohio-6256, at ¶ 7. Under this standard, a defendant may only withdraw a plea in "extraordinary cases," and the defendant bears "the burden of showing a manifest injustice warranting the withdrawal of a guilty plea." Id. It has been noted: "`The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdrawing the plea if the sentence was unexpectedly severe.'"State v. Woods, Cuyahoga App. No. 82120, 2003-Ohio-2475, at ¶ 14, quoting State v. Wynn (1998), 131 Ohio App.3d 725, 728.
 {¶ 7} In North Carolina v. Alford (1970), 400 U.S. 25, 37,91 S.Ct. 160, the United States Supreme Court held that "[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." A criminal defendant's objective in entering an Alford plea "is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." Statev. Bailey, Hamilton App. No. C-030916, 2004-Ohio-6427, at ¶ 7.
 {¶ 8} Appellant relies upon State v. Casale (1986),34 Ohio App.3d 339, 340, for the proposition that, where a criminal defendant enters an Alford plea coupled with claims of innocence, "absent the presentation of some basic facts surrounding the charge, there could be no determination that the accused was making an intelligent and voluntary guilty plea." Appellant argues that the validity of the plea in the instant case can be questioned because, while he pled guilty in order to avoid the consequences of being convicted of five counts of rape, the record does not set forth any facts from which the trial court could conclude anything with regard to the factual basis of the rape allegations.
 {¶ 9} Appellant, however, did not enter a guilty plea to the originally charged offenses of rape but, rather, to the reduced charge of child endangering. On this point, we note appellant does not assert that there is no factual basis for the child endangering charge. Further, appellant does not cite any authority for the proposition that the state was required to present a factual basis for a more serious charge to which he did not enter a plea.
 {¶ 10} The state maintains that the requirement of a factual basis is satisfied if there exists a sufficient factual basis for the charge to which appellant entered his Alford plea. We agree with this contention. See, e.g., State v. Shell (Oct. 30, 1997), Cuyahoga App. No. 71736 ("[w]hen a criminal defendant professes his innocence when entering a guilty plea, the trial court should inquire as to whether the plea is based upon a rational calculation that a factual basis exists for such a plea"); State v. Smith (Wisc. 1996), 549 N.W.2d 232, 235 (in accepting an Alford plea, a trial court is required to find a sufficient factual basis to conclude that the defendant "committed the crime to which he or she entered the Alford
plea").
 {¶ 11} We therefore consider whether the record in this case demonstrates a factual basis for a charge of endangering children under R.C. 2919.22. We note that appellant entered his guilty plea to one count of child endangering as a second-degree felony, requiring a showing of serious physical harm to the child.
 {¶ 12} At the hearing on the plea, the prosecutor explained that, on November 7, 2001, the juvenile bureau for the Columbus Division of Police received a child sexual abuse referral involving a minor and his father, appellant. According to the referral, when the child was age six to seven, appellant threatened and allegedly raped and molested him and his brother, and "threatened to kill them if they ever told." (Tr. at 5.) The prosecutor stated that, based upon a review of the records, at the "very least" the minor was physically abused by appellant, including being whipped with a belt, chased by appellant wearing a mask, and threatened. The prosecutor related that, during the investigation, appellant admitted it was possible that another male in the house had probably sexually abused the children as well. There were also facts presented indicating that appellant psychologically abused the children; specifically, a psychologist wrote a letter to the Children Family Guidance Center stating that appellant had threatened the boys with physical violence during past visits. There were also allegations that at times there was insufficient food in the house.
 {¶ 13} As noted, appellant's plea was entered pursuant to a plea bargain, and appellant's counsel noted at the hearing that his client felt it was "best for him to enter an Alford plea and avoid the consequences of going to trial." (Tr. at 7.) The trial court was aware that appellant was pleading to a significantly reduced charge of child endangering in contrast to the potential for life sentences. Appellant acknowledged before the court that he was voluntarily pleading guilty to the charge of endangering children, and he understood that the maximum sentence was eight years imprisonment, and that the court could sentence him to the maximum regardless of the state's recommendation of three years. A review of the colloquy also indicates that the trial court apprised appellant of the rights he was foregoing by entering the plea; appellant acknowledged that, by pleading guilty, he was waiving his right to a jury trial and the right to cross-examine witnesses. Further, as outlined above, the trial court required the prosecution to place on the record the facts giving rise to the plea, and that summary was sufficient to allow the court to ascertain that there existed a factual basis for the plea to the charge of endangering children. Accordingly, we conclude that appellant has failed to establish a manifest injustice and, therefore, the trial court did not abuse its discretion in failing to grant appellant's post-sentence motion to withdraw his plea.
 {¶ 14} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bryant and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.