DECISION AND ENTRY
{¶ 1} On February 18, 2003, pursuant to a plea agreement, Defendant Mark Shupp entered a plea of guilty to one count of rape involving his six year old daughter, in violation of R.C. 2907.02(A)(1)(b). In exchange, the State dismissed two other rape charges and two gross sexual imposition charges involving this same victim. Additionally, the parties agreed that Defendant would serve a four year prison term. The trial court accepted Defendant's guilty plea, imposed the agreed upon four year sentence, and classified Defendant as a sexually oriented offender. Defendant did not appeal his *Page 2 
conviction and sentence.
 {¶ 2} On December 15, 2005, Defendant filed a motion for judicial release pursuant to R.C. 2929.20. On March 9, 2006, Defendant filed a motion to withdraw his guilty plea, Crim.R. 32.1, and a petition for post-conviction relief, R.C. 2953.21. On March 24, 2006, the trial court filed its decision denying Defendant's motions for judicial release, to withdraw his guilty plea, and for post-conviction relief. Defendant's notice of appeal, filed on June 16, 2006, was not timely filed. However, we subsequently granted Defendant leave to file a delayed appeal, but only with respect to the trial court's denial of his motion to withdraw his guilty plea and the denial of his petition for post-conviction relief.
 {¶ 3} Defendant's appellate counsel has filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300. We do note that Defendant has completed serving his sentence and has been released from prison. *Page 3 
 {¶ 4} Defendant's appellate counsel raises two possible issues for appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY."
 {¶ 6} A defendant who seeks to withdraw his guilty plea after sentence has been imposed has the burden of establishing the existence of a "manifest injustice." Crim.R. 32.1; State v. Smith (1977),49 Ohio St.2d 261. That requires a showing of extraordinary circumstances.Smith. A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him. State v. Hartzell (August 20, 1999), Montgomery App. No. 17499.
 {¶ 7} Defendant complains that the State's expert witness, Dr. James Duffee, testified at Defendant's sentencing hearing in a way that casts doubt on his prior opinion, which suggested that the victim had been vaginally penetrated. The trial court denied Defendant's motion to withdraw his guilty plea on that basis. On this record, we find no error, for two reasons.
 {¶ 8} First, the transcript of the sentencing hearing that *Page 4 
we have been provided does not show that Dr. Duffee testified in that proceeding. Dr. Duffee may have modified his prior opinion at some point, but it was not at the sentencing hearing, as Defendant contends.
 {¶ 9} Second, and more importantly, the charge to which Defendant entered a plea of guilty alleged anal rape, not vaginal rape, which was alleged in the two charges the State dismissed. Therefore, the alleged change in the expert's opinion on which Defendant relies could not result in any prejudice to Defendant in relation to the plea of guilty to the anal rape charge that he moved to withdraw.
 {¶ 10} There is no arguable merit in the first assignment of error suggested.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF."
 {¶ 12} Defendant's petition for post-conviction relief was not timely filed. R.C. 2953.21(A). It is therefore barred pursuant to R.C. 2953.21, unless one of the exceptions in paragraphs (A)(1) or (2) of that section applies. Defendant relies on R.C. 2953.21(A)(1), contending that he was unaware of Dr. Duffee's modification of his prior opinion until the time for filing his petition had expired. However, as we have *Page 5 
explained, Defendant suffered no prejudice from that alleged modification. Therefore, grounds for post-conviction relief are not demonstrated.
 {¶ 13} There is no arguable merit in the second assignment of error suggested.
 {¶ 14} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and can find no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 JAMES A. BROGAN, THOMAS J. GRADY, MARY E. DONOVAN, JUDGE. *Page 1