OPINION
{¶ 1} Defendant-appellant, David J. Orris, appeals from a judgment of the Franklin County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw his guilty plea. Defendant assigns a single error:
 THE TRIAL COURT DID NOT GIVE FULL AND FAIR CONSIDERATION TO THE MOTION, CONSIDERING THE EXTENT OF THE HEARING ON THE MOTION TO VACATE PLEA, THE REASONING AND MERIT OF THE MOTION, AND THE COMPLETE DEFENSE THAT EXISTS UPON VACATION OF AN INVOLUNTARY PLEA. *Page 2 
Because the trial court properly denied defendant's motion, we affirm.
 {¶ 2} By indictment filed on November 21, 2002, defendant was charged with nine counts of rape involving a child between the ages of five and eight years of age; the first count carried a sexually violent predator specification. Because defense counsel raised an issue regarding defendant's competence to stand trial under R.C. 2945.37, the trial court ordered a competency evaluation. In a letter dated February 14, 2003 and authored by Colin Gordon, Ph.D., and Chris Khellaf, Ph.D., DAPBS, NetCare informed the trial court defendant "is not mentally retarded, but does have a serious mental illness that does not presently interfere significantly with his cognitive functioning. It is also my opinion that Mr. Orris is presently capable of understanding the nature and objectives of the proceedings against him, and is presently capable of assisting in his defense." Based on the report, the trial court found defendant competent to stand trial.
 {¶ 3} Defendant, however, added a not guilty by reason of insanity plea to his earlier not guilty plea. As a result, the trial court on February 25, 2003 ordered an evaluation of defendant's mental condition at the time of the offense. According to court records, defendant refused to cooperate with the evaluation and on April 9, 2003 withdrew his plea of not guilty by reason of insanity.
 {¶ 4} While the record does not include a transcript of defendant's guilty plea hearing, the record contains defendant's signed guilty plea and the trial court's judgment entry. The signed guilty plea declares defendant's intent to plead guilty to Counts 2 and 8 of the indictment, both violations of R.C. 2907.02 and felonies of the first degree. The form further indicates the jointly recommended sentence for such a plea: eight years on *Page 3 
Count 2 to be served consecutively to seven years on Count 8. The judgment entry reflects the sentence noted on the guilty plea form.
 {¶ 5} Nearly four years later, on March 8, 2007, defendant filed a "Motion for Leave to Withdraw Plea and Vacate Sentence." While defendant's motion is virtually unintelligible, as best we can ascertain it contends defendant is entitled to withdraw his guilty plea because he was victimized by "a false light invasion of privacy." (Motion, 6.) According to defendant, the "false light portrays [him] as suffering from paranoid schizophrenia, when in fact [his] privacy has been invaded by media influences broadcasted in the public eye through * * * bugging devices." Id. Defendant tied the allegations into his motion by arguing (1) the invasion of privacy he described prevented him from obtaining evidence he would use to support his motion to withdraw a guilty plea, and (2) defense counsel mistook his claims of invasion of privacy for paranoid schizophrenia and prescribed a drug for him that rendered him incapable of properly entering a guilty plea.
 {¶ 6} The trial court concluded defendant failed to demonstrate a manifest injustice, and it found no irregularity or miscommunication in connection with the plea. Accordingly, the court on April 4, 2007 denied defendant's motion. Defendant appeals, contending the trial court failed to properly consider his motion.
 {¶ 7} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit defendant to withdraw his plea." The term "manifest injustice" has been variously defined; however, "it is clear that under such a standard, a *Page 4 
postsentence withdrawal motion is allowed only in extraordinary cases."State v. Smith (1977), 49 Ohio St.2d 261, 264, citing United States v.Semel (C.A.4, 1965), 347 F.2d 228, certiorari denied, 382 U.S. 840. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." State v. Shupp, Clark App. No. 06CA62,2007-Ohio-4896, at ¶ 6.
 {¶ 8} A defendant seeking to withdraw a guilty plea following imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion. State v. Gegia,157 Ohio App.3d 112,2004-Ohio-2124, citing State v. Ellis (Aug. 3, 1999), Meigs App. No. 98CA13. See State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied, 464 U.S. 856. "A Crim.R. 32.1 motion is addressed to the sound discretion of the trial court." State v. Marable, Franklin App. No. 03AP-97, 2003-Ohio-6653, at ¶ 9. (Citations omitted.) "Consequently, our review is limited to a determination of whether the trial court abused its discretion." Id.
 {¶ 9} Initially, to the extent defendant contends he was entitled to a hearing on his motion to withdraw his guilty plea, his contention is unpersuasive. "Although a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, * * * the same is not true when the request is made after the trial court has already sentenced the defendant." State v. Whiteman, Portage App. No. 2001-P-0096, 2003-Ohio-2229, at ¶ 19. Where the trial court considers a post-sentence motion to withdraw a guilty plea, it must conduct a hearing only "if the facts alleged by the defendant and accepted as true would *Page 5 
require the trial court to permit withdrawal of the plea." Id.;State v. Lake (Mar. 28, 1996), Franklin App. No. 95APA07-847. Thus, "if the defendant fails to submit evidence containing sufficient operative facts to demonstrate that his plea was not entered into knowingly and voluntarily, and the record indicates that the defendant is not entitled to relief, the trial court may dismiss the motion without a hearing."Whiteman, at ¶ 20, quoting State v. Kerns (July 14, 2000), Trumbull App. No. 99-T-0106.
 {¶ 10} Under those parameters, defendant's motion suffers a number of deficiencies. Initially, it contains no transcript of the guilty plea hearing. As a result, the only information in the record about defendant's guilty plea is his guilty plea form. It reflects that both he and his counsel signed the form explicitly describing charges to which defendant agreed to plead guilty, the range of prison terms to be imposed and the jointly recommended sentence of 15 years. The form further states that defendant understands a mandatory prison term is required on both counts. The trial court on sentencing defendant did not deviate from the jointly recommended sentence, but imposed precisely the sentence set forth on the guilty plea form. As a result, nothing in the record itself suggests defendant entered his plea involuntarily, unknowingly, or unintelligently.
 {¶ 11} Next, to the extent defendant contends he was under the influence of medication at the time of his guilty plea, his motion fails to support that premise. Specifically, apart from defendant's bald assertions, nothing supports the proposition that he was medicated at the time of his guilty plea. Moreover, only his own assertion suggests the medication he was given would induce such confusion as to render him incapable of entering a voluntary, knowing and intelligent guilty plea. *Page 6 
 {¶ 12} Thirdly, defendant fails to explain the significant lapse of time between his guilty plea and his motion to withdraw that plea. To the extent he bases the claimed involuntariness of his plea on medication he was taking at the time of the plea proceedings, he had that information simultaneously when entering the plea; if he believed it confused him, he could have moved to withdraw his plea soon after entering it. Instead, he not only waited nearly four years, but fails to explain the lapse of time other than to suggest he just discovered he was subject to an invasion of privacy by means of illegal bugging devices "broadcasted in the public eye" while he was incarcerated. (Motion, 6.) He contends the false light portrayed him as suffering from paranoid schizophrenia when instead media influences invaded his privacy. In support of his contention, defendant attached pages of personal notes taken daily during his period of incarceration, but the pages represent little more than defendant's conclusions that he is subject to unpleasant circumstances and speech in the penal institution.
{¶ l3} When we combine (1) the record's lack of evidence that defendant's guilty plea was not voluntarily, knowingly or intelligently entered with (2) the lack of supporting documentary evidence accompanying defendant's motion, and (3) the significant and unexplained lapse of time from defendant's entering a guilty plea to filing his motion, we agree with the trial court that defendant failed to carry his burden of proving he suffered a manifest injustice by virtue of his guilty plea. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 BROWN and FRENCH, JJ., concur. *Page 1