OPINION
{¶ 1} Defendant-appellant, Guillermo D. Garcia, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. Defendant assigns a single error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA THEREBY DEPRIVING HIM OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE *Page 2 UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
Because the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea, we affirm.
 {¶ 2} By indictment filed February 23, 1987, defendant was charged with one count of aggravated trafficking in violation of R.C. 2925.03, a second-degree felony. According to the indictment, defendant possessed cocaine in an amount equal to or exceeding three times the bulk amount.
 {¶ 3} After filing a number of pretrial motions, defendant on May 4, 1987 appeared in court with local and New York counsel to enter a plea, pursuant to a plea agreement with the state, to the stipulated lesser-included offense of aggravated trafficking in violation of R.C. 2925.03(A)(4) and (B)(4), a felony of the third degree. The trial court conducted a Crim. R. 11 colloquy with defendant, accepted defendant's plea, and pursuant to defense counsel's request continued the sentencing hearing.
 {¶ 4} At the hearing on May 28, 1987 sentencing hearing, the trial court sentenced defendant to 18 months determinate actual time plus a fine of $3,000. At the same time the court recommended non-deportation. The court journalized the plea and sentence in an entry filed June 1, 1987, but filed an amended entry July 20, 1987 specifying to whom the fine proceeds would be distributed. Approximately two months later, defendant pro se filed a motion to suspend sentence. The trial court overruled the motion on November 30, 1987.
 {¶ 5} On January 15, 2008, defendant filed a motion to withdraw his guilty plea, asserting the plea was not entered knowingly, intelligently, and voluntarily. Specifically, *Page 3 
defendant contended he was not advised of the possible deportation consequences of his guilty plea. Following the state's response, the trial court filed an entry on February 28, 2008, denying defendant's motion. Defendant appeals, asserting the trial court abused its discretion in overruling his motion to withdraw his guilty plea.
 {¶ 6} Defendant contends that "[b]efore a court accepts a non-citizen defendant's guilty plea, the warnings set forth in R.C. 2943.031(A) must be given, informing him that a conviction could lead to deportation, exclusion from admission to the United States, or denial of naturalization." (Defendant's brief, 2, citing State v. Francis,104 Ohio St.3d 490, 2004-Ohio-6894.) Noting he was not told his guilty plea could adversely affect his status in the United States, defendant contends the plea violates R.C. 2943.031(A).
I. R.C. 2943.031 {¶ 7} Effective October 2, 1989, R.C. 2943.031 provides that "prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony * * * the court shall address the defendant personally, provide the following advisement to the defendant * * * and determine that the defendant understands the advisement." The statutorily provided advisement states that "[i]f you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." R.C. 2943.031(A).
 {¶ 8} If, after the effective date of the section, the trial court fails "to provide the defendant the advisement described" in R.C. 2943.031(A), the statute requires the trial court, on motion of defendant, to "set aside the judgment and permit the defendant to *Page 4 
withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity." R.C. 2943.031(D). The statute sets forth the conditions to be met to warrant withdrawal of a guilty plea under R.C. 2943.031: the advisement is required, the defendant shows he is not a citizen of the United States, and the defendant shows the conviction of the offense to which he pleaded guilty or no contest may result in his deportation, exclusion from the admission to the United States, or denial of naturalization under the laws of the United States.
 {¶ 9} Defendant entered his guilty plea on February 4, 1987; the statute became effective October 2, 1989. By its terms it applies to a plea of guilty entered after the effective date of the section. Because the statute was not effective at the time defendant entered his plea, the trial court's failure to comply with the statute does not provide grounds for defendant to withdraw his guilty plea. See State v.Odubanjo (1992), 80 Ohio App.3d 329, dismissed, jurisdictional motion overruled, 65 Ohio St.3d 1430, abrogated on other grounds, State v.Jenkins (Apr. 27, 1995), Cuyahoga App. No. 66925.
II. Manifest Injustice {¶ 10} Even when R.C. 2943.031 does not apply, a defendant may seek to withdraw his plea pursuant to Crim. R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit defendant to withdraw his or her plea." Although the term "manifest injustice" has been variously defined, "it is clear that under such standard, a postsentence withdrawal motion is allowed only in extraordinary cases." State v.Smith (1977), 49 Ohio St.2d 261, 264, citing United States v. Semel
(C.A.4, *Page 5 
1965), 347 F.2d 228, certiorari denied, 382 U.S. 840. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." State v. Shupp, Clark App. No. 06CA62, 2007-Ohio-4896, at ¶ 6.
 {¶ 11} A defendant seeking to withdraw a guilty plea following imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion. State v. Gegia,157 Ohio App.3d 112, 2004-Ohio-2124, citing State v. Ellis (Aug. 3, 1999), Meigs App. No. 98CA13. See State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied, 464 U.S. 856. If the facts a defendant alleges would support a finding of manifest injustice, the trial court is required to conduct a hearing on defendant's post-sentence motion to withdraw his guilty plea. State v. Orris, Franklin App. No. 07AP-390, 2007-Ohio-6499, at
 {¶ 12} "A Crim. R. 32.1 motion is addressed to the sound discretion of the trial court. * * * Consequently, our review is limited to a determination of whether the trial court abused its discretion."State v. Marable, Franklin App. No. 03AP-97, 2003-Ohio-6653, at ¶ 9. (Citations omitted.) Courts also consider the timing of the motion to withdraw, the reasons given for the withdrawal, the defendant's understanding of the charges and the penalties accompanying them, the existence of a meritorious defense, and any prejudice to the state and its witnesses if the motion is granted. State v. Boyd (Oct. 22, 1998), Franklin App. No. 97APA12-1640, dismissed, appeal not allowed (1999),85 Ohio St.3d 1424. *Page 6 
 {¶ 13} Even if we examine defendant's motion to withdraw his guilty plea under a manifest injustice standard, the trial court did not abuse its discretion in overruling the motion. Initially, defendant cannot contend he was unaware of the possibility of deportation when he entered his guilty plea. At the time of defendant's plea, defense counsel requested the trial court to enter a recommendation for non-deportation on defendant's behalf, a request the trial court honored. Moreover, although defendant's motion to withdraw his guilty plea notes deportation proceedings had begun against him despite the trial court's recommendation for non-deportation, the trial court made clear at the time of sentencing that any recommendation the court made "has no effect on the federal government." (May 4, 1987 Tr. 12.) See, also, State v.Yun, Franklin App. No. 04AP-494, 2005-Ohio-1523, at ¶ 12 (stating "any consequence that results from actions taken by other government agencies, such as the INS, are collateral and beyond the authority of an Ohio court").
 {¶ 14} Nor can defendant claim his plea with the state was unknowingly entered because he believed it was conditioned on favorable immigration repercussions. Following defendant's request for a recommendation for non-deportation, the prosecution stated it wanted "the record perfectly clear that whichever decision you make or recommend or not recommend is no way conditioned upon the plea here today. This plea is completely independent upon which way you decide to go at the second hearing. I want to make sure Mr. Garcia understands." (May 4, 1987 Tr. 12.) Defendant's New York counsel responded, "[s]o noted for the record because anything that we are talking about now isn't the result of plea discussions directly with the bench to which the prosecution was not party to." Id. *Page 7 
 {¶ 15} Finally, defendant's nearly 21-year delay in filing his motion to withdraw the guilty plea "is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 14, quoting Smith, supra, at paragraph three of the syllabus. The evidence in the record suggests defendant was aware of the immigration implications of his plea in 1987. At the plea proceeding, considerable reference was made to the immigration ramifications of defendant's plea. In addition, defendant filed in the trial court a copy of a motion for contest of judgment and notice of hearing that indicated defendant petitioned the INS for a hearing to contest the government's effort to exclude him; the notice of hearing scheduled the matter for May 1987. Because defendant was aware of the efforts to exclude him as early as 1987, the more than 20-year delay in filing his motion to withdraw his guilty plea only further supports the trial court's decision to deny his motion. In the final analysis, defendant did not carry his burden of presenting facts from the record or supplied through affidavit that establish manifest injustice or warrant a hearing.
 {¶ 16} For the reasons noted, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1