[Cite as *State v. Lopez-Tolentino*, 2019-Ohio-4778.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-280 |
| v. | : | (C.P.C. No. 16CR-2160) |
| Juan Lopez-Tolentino, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 21, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Juan Lopez-Tolentino*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Juan Lopez-Tolentino, appeals from the April 17, 2019 judgment of the Franklin County Court of Common Pleas denying his motion to withdraw guilty plea. For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} By way of indictment filed April 20, 2016, appellant was indicted on four counts of rape, in violation of R.C. 2907.02, all felonies of the first degree, and one count of kidnapping, in violation of R.C. 2905.01, a felony of the first degree. On November 6, 2017, appellant entered pleas of guilty to four stipulated lesser-included offenses of the rape charges: three counts of sexual battery, in violation of R.C. 2907.03, all felonies of the third degree, and one count of attempted sexual battery, in violation of R.C. 2923.02, as it relates to R.C. 2907.03, a felony of the fourth degree. Plaintiff-appellee, State of Ohio, entered a nolle prosequi as to the kidnapping count. The court ordered and received a pre-sentence

investigation.  On November 27, 2017, the trial court held a sentencing hearing.  The prosecutor and appellant's attorney jointly recommended a sentence of six and one-half years' incarceration.  The court imposed two years each as to Counts 1, 2, and 3; and six months as to Count 4 to be served consecutively to each other for a total of six and one-half years.  No appeal was taken from the judgment.

{¶ 3}  On April 10, 2019, appellant filed a motion to withdraw guilty pleas.  Therein, appellant argued: (1) although he had a court-appointed interpreter, there is "no record evidence to support that [appellant] heard the procedures in a language that he understood," (2) the "sworn statement" of the interpreter is not sufficient to determine appellant did in fact understand the consequences of his pleas, (3) there is no clear evidence on the record that the interpreter properly translated Spanish into English and English into Spanish, (4) had appellant known the three sexual battery offenses and attempted sexual battery offense "may/is" of similar import, he would not have entered guilty pleas and would have instead elected to have a jury trial, and (5) the same offenses were allied offenses.

{¶ 4}  On April 17, 2019, the trial court denied appellant's motion with a succinct entry stating appellant's motion was "not well-taken."  Appellant timely filed a notice of appeal on April 30, 2019.

## II. Assignments of Error

{¶ 5}  Appellant appeals and assigns the following four assignments of error for our review:

> I. The trial court erred and abused its discretion when it knowingly or not accepted the blatant lie made by the State's memorandum contra defendant motion to withdraw guilty plea.
>
> II. The trial court erred when it entered judgment against the defendant for allied offenses.
>
> III. The trial court erred and abused its discretion/depriving a fair post-sentence hearing due to prosecutorial misconduct.
>
> IV. The trial-court erred when denied effective assistant of counsel.

(Sic passim.)

## III. Analysis

{¶ 6} Crim.R. 32.1 provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 7} "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. " '[I]t is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.' " *State v. Gripper*, 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶ 7, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion. *State v. Orris*, 10th Dist. No. 07AP-390, 2007-Ohio-6499.

{¶ 8} A motion to withdraw a guilty plea after sentence is addressed to the sound discretion of the trial court, and the trial court's judgment will not be reversed absent a demonstration of abuse of discretion in concluding no manifest injustice occurred. *State v. Marable*, 10th Dist. No. 03AP-97, 2003-Ohio-6653, ¶ 9; *State v. Boyd*, 10th Dist. No. 97APA12-1640 (Oct. 22, 1998). In order to find the trial court abused its discretion, we must find more than an error of law or judgment. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} " 'Although a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, * * * the same is not true when the request is made after the trial court has already sentenced the defendant.' " *Orris* at ¶ 9, quoting *State v. Whiteman*, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, ¶ 19. Where the trial court considers a post-sentence motion to withdraw a guilty plea, it must conduct a hearing only " 'if the facts alleged by the defendant and accepted as true would require the trial court to permit withdrawal of the plea.' " *Id.*, quoting *Whiteman* at ¶ 19; *State v. Lake*, 10th Dist. No. 95APA07-847 (Mar. 28, 1996) Thus, "if the defendant fails to submit evidence containing sufficient operative facts

to demonstrate that his plea was not entered into knowingly and voluntarily, and the record indicates that the defendant is not entitled to relief, the trial court may dismiss the motion without a hearing." *Whiteman* at ¶ 20, quoting *State v. Kerns*, 11th Dist. No. 99-T-0106, (July 14, 2000).

{¶ **10**} Appellant's request to withdraw his guilty pleas and this appeal suffer from a number of deficiencies. First, we note the second assignment of error regarding allied offenses and merger should have been raised in a direct appeal. Likewise, the fourth assignment of error should have been raised either in a direct appeal or a petition for postconviction relief depending on the allegation of ineffective assistance (which appellant does not articulate in his brief except to point to the cumulative effects of the other assignments of error).

{¶ **11**} Second, as to the first and third assignments of error, the record indicates that, on July 5, 2018, the court reporter requested the court pay the fees for transcription of the November 6 and 27, 2017 plea and sentencing hearings and that appellant, or his attorney, had requested the same and was an indigent person. Nevertheless, although appellant insists he did attach a transcript as an exhibit to his post-sentence motion to withdraw guilty pleas, the record contains no transcript of the plea or sentencing hearings. Therefore, the information in the record about appellant's guilty pleas comes in large part from the entry of guilty plea form, which reflects that both appellant and his counsel signed the form explicitly describing the charges to which appellant agreed to plead guilty, the range of possible punishments, and the joint recommendation of the prosecutor and appellant's attorney. The entry of guilty plea form also reflects appellant understood the important and substantial constitutional, statutory, and procedural rights he was waiving by entering the guilty pleas, and was freely and voluntarily exercising his own will and best judgment. The form further reflects appellant's attorney attested, in her opinion, that in entering the pleas, appellant was acting knowingly, voluntarily, and intelligently in such matter. The record also contains a notice of prison imposed form which was signed by appellant and his attorney informing appellant of the postrelease control consequences.

{¶ 12} As to appellant's allegations regarding the interpreter and the interpretation of the court's colloquy, without a transcript[1] we are not able to determine if the court followed R.C. 2311.14, Rules 603, 604, and 702 of the Ohio Rules of Evidence, and Rule 88 of the Supreme Court of Ohio Rules of Superintendence in determining whether an interpreter was required, and, if so, in qualifying, appointing, and placing under oath an interpreter. As there is no transcript, we must presume regularity. "[W]here there is no transcript submitted on appeal, '[t]here is a presumption that the trial court proceedings were validly conducted. Absent a complete transcript or an acceptable alternative (such as is described in App.R. 9(C)), we must presume that the trial court's decision is correct." *Barksdale v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-297, 2017-Ohio-395, ¶ 17, quoting *Jenkins v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 11AP-1074, 2013-Ohio-1142, ¶ 30.

{¶ 13} We do note, however, the record indicates that on September 7, 2016, the court appointed an interpreter and placed her under oath; on August 29, 2017, the court appointed an interpreter and placed her under oath; on November 6, 2017 (the date of the plea hearing), the court appointed an interpreter and placed her under oath; and on November 27, 2017 (the date of the sentencing hearing), the court appointed an interpreter and placed him under oath.

{¶ 14} Finally, we have previously held the law does not require a transcript include non-English versions of testimony. *State v. Noor*, 10th Dist. No. 13AP-165, 2014-Ohio-3397, ¶ 75-76. In *State v. Vu*, 10th Dist. No. 09AP-606, 2010-Ohio-4019, ¶ 27, where a defendant suggested the transcripts were inadequate because they only included the English version of the testimony, we observed:

---

[1] Appellant attached a copy of a transcript to his appellate brief. At the top right hand corner of the copy it states: "* *COPY – NOT FOR FILING* *." Furthermore, the copy is not signed or certified by the court reporter as a "true, correct, and complete transcript." Therefore, we cannot accept the transcript as part of the record. The transcript reveals, however, there was an interpreter "duly sworn" present at the plea hearing and the interpreter was "provisionally qualified" for the State of Ohio. Rule 80(H) of the Supreme Court of Ohio Rules of Superintendence define the term "[p]rovisionally qualified foreign language interpreter" as "a foreign language interpreter who has received provisional certification from the Supreme Court Language Services Program pursuant to Sup.R. 81(G)(3)." Rule 81(G)(3) states that "[a]n applicant who receives a score of less than seventy percent but at least sixty percent in each of the sections of the oral examination shall receive provisional certification from the program and be styled a 'provisionally qualified foreign language interpreter.' The applicant may maintain provisional certification for up to thirty-six months following the examination. If the applicant fails to receive an overall score of at least seventy percent in the sections of the examination within this time frame, the provisional certification of the applicant shall cease." The transcript also reveals there was an interpreter "duly sworn" present at the sentencing hearing.

Appellant also suggests the transcripts are inadequate because they consist only of the English version of the testimony. We, however, are not aware of any requirement that the transcript include non-English, in this case Vietnamese, versions of the testimony, particularly in light of the fact that testimony is taken by a stenographer who may or may not be conversant in non-English languages.

{¶ 15} Consistent with our statement in *Vu*, we are aware of no statute or rule requiring testimony or other trial proceedings occurring in a foreign language be electronically recorded. Furthermore, appellant has not provided us, nor are we aware of, any authority supporting the proposition that due process imposes such a requirement.

{¶ 16} Accordingly, for the foregoing reasons, we overrule appellant's first, second, third, and fourth assignments of error.

## IV. Conclusion

{¶ 17}  Having overruled appellant's four assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

———————————