[Cite as *State v. Martinez*, 2014-Ohio-2425.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-704 |
| v. | : | (M.C. No. 2012 TRC 108526) |
| Nelson Martinez, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 10, 2014

*Brian J. Hoffman, LLC*, and *Brian J. Hoffman*, for appellant.

APPEAL from the Franklin County Municipal Court

T. BRYANT, J.

{¶ 1} Defendant-appellant, Nelson Martinez, appeals from the May 30, 2013 judgment of the Franklin County Municipal Court denying his Crim.R. 32.1 motion to withdraw his guilty plea. For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} In the early morning hours of January 29, 2012, a Whitehall police officer charged appellant with: (1) operating a motor vehicle while under the influence of alcohol, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); (2) operating a motor vehicle while under the age of 21 with a concentration of more than .02 grams but less than .08 grams by weight of alcohol per 210 liters of breath, a misdemeanor of the fourth degree, in violation of R.C. 4511.19(B)(3); (3) operating a motor vehicle without reasonable control, a minor misdemeanor, in violation of R.C. 4511.202(A); and (4) operating a motor vehicle outside marked lanes, a minor misdemeanor, in violation of R.C. 4511.33(A)(1).

{¶ 3} On July 9, 2012, appellant entered a plea of guilty to a stipulated first offense of operating a vehicle while under the influence of alcohol, a misdemeanor of the

first degree, in violation of R.C. 4511.19(A)(1)(a).  The plea form, signed by appellant and his trial counsel, includes the following advisement for non-citizens: "If you are not a citizen of the United States, you are hereby advised that conviction of the offense(s) to which you are pleading guilty or no contest may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to laws of the United States."  Appellant marked the box on the plea form indicating: "I am not a U.S. citizen."

{¶ 4}  The trial court accepted appellant's guilty plea and, pursuant to the prosecution's request, dismissed the remaining charges.  The court issued a judgment entry on July 9, 2012, which indicates: "Non-citizen advisement given."[1]  The judgment entry also includes the notation "prior 2011."

{¶ 5}  On May 3, 2013, appellant, through new counsel, filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  In the motion, appellant alleged he is a citizen and national of El Salvador residing in the United States under a federal Temporary Protected Status ("TPS") benefit that permits nationals of certain foreign countries to remain in the United States during designated periods in which return to their home country would be unsafe.  He further averred he was notified in March 2013 that his TPS benefit had been withdrawn pursuant to Section 244.4(a) of the Code of Federal Regulations on Aliens and Nationality.  *See* 8 C.F.R. 244.4(a).  Appellant asserted that, pursuant to 8 C.F.R. 244.4(a), an alien is ineligible for a TPS benefit when he or she has been convicted of two or more misdemeanors committed in the United States.  He also asserted his July 2012 conviction subjected him to the provisions of 8 C.F.R. 244.4(a), as he previously had been convicted in August 2011 of a misdemeanor offense of operating a vehicle while under the influence of alcohol.

{¶ 6}  Appellant conceded that, prior to accepting his guilty plea, the trial court advised him that "convictions *could* lead to your deportation." (Emphasis sic.)  (May 3, 2013 Motion, 2.)  He maintained, however, that prior to entering the plea, he was neither

---

[1] Although the judgment entry does not expressly so state, and the transcript of the plea hearing is not part of the record on appeal, we presume the "non-citizen advisement" referenced by the trial court was that required by R.C. 2943.031(A). ("If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.")  Absent a transcript of the plea hearing, we must presume the regularity of that proceeding.  *State v. Angus,* 10th Dist. No. 09AP-1129, 2010-Ohio-3290, ¶ 10.

independently aware, nor had he been advised by trial counsel, that his guilty plea "would *automatically* result in a withdrawal of his Temporary Protected Status." (Emphasis sic.) (May 3, 2013 Motion, 2.)

{¶ 7} Appellant asserted that, to the extent he may have contemplated the immigration effects of his guilty plea, it was reasonable for him to believe, albeit incorrectly, that a stipulated first offense for criminal purposes likewise would be considered a first offense for immigration purposes. He stated he would not have entered a guilty plea had he been informed that it would automatically make him ineligible for a TPS benefit and subject him to deportation proceedings. Appellant noted he has lived in the United States since the age of seven, is a high school graduate with aspirations to pursue a college degree, is gainfully employed, sends a portion of his earnings to his extended family in El Salvador, and that U.S. Department of State travel warnings indicate that El Salvador had the second highest murder rate in the world in 2011.

{¶ 8} Appellant requested that the trial court set aside the judgment of conviction and permit him to withdraw his guilty plea because: (1) he entered the plea without a full understanding of the immigration consequences, i.e., he would automatically be ineligible for a TPS benefit, resulting in his imminent deportation from the United States; (2) trial counsel rendered ineffective assistance by failing to advise him that his guilty plea would make him ineligible for a TPS benefit; and (3) manifest injustice would result if he were forced to live the rest of his life in an unsafe country he barely remembers. Appellant did not attach an affidavit or any other evidence in support of the assertions made in the motion.

{¶ 9} On May 22, 2013, plaintiff-appellee, State of Ohio, filed a memorandum contra urging denial of appellant's motion. That same day, the trial court held a hearing on the motion. Counsel for appellant conceded that the trial court properly advised appellant at the plea hearing of the possible immigration consequences of the guilty plea. Counsel argued, however, that, pursuant to *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473 (2010), appellant's trial counsel was ineffective in not advising him that, pursuant to 8 C.F.R. 244.4(a), a second misdemeanor conviction would automatically result in revocation of his TPS benefit and subject him to deportation proceedings. He also argued that appellant's plea was not voluntary due to trial counsel's ineffectiveness. Specifically, counsel maintained that, for appellant's plea to be voluntary, he must have had a "full

understanding of the consequences" of the plea, and that such "full understanding" applied to collateral consequences, including immigration consequences.  (Tr. 3.)

{¶ 10} Upon the court's inquiry, counsel conceded that he had not subpoenaed appellant's trial counsel to testify at the hearing.  Counsel averred, however, that appellant was present and prepared to testify that "he was not advised about the collateral immigration consequences of a second misdemeanor plea other than in general by the Court in colloquy."  (Tr. 4-5.)  The court then asked counsel if there was "[a]nything else," and counsel responded, "No, your Honor."  (Tr. 5.)

{¶ 11} Immediately thereafter, the trial court permitted the state to assert its position on the motion.  The state maintained that appellant had failed to present any evidence that his trial counsel failed to advise him of the deportation consequences of the plea prior to entering the plea.  The state also noted that the trial court had advised appellant that his plea may have immigration ramifications.  Accordingly, the state argued that appellant's motion should be denied.

{¶ 12} Subsequently, upon the court's inquiry, appellant's counsel conceded that he neither cited the *Padilla* case in the motion to withdraw, nor had a readily available copy of the case for the court's use.  Counsel averred, however, that he would provide the court a copy of the memorandum he submitted to the United States Citizenship and Immigration Service ("USCIS"), Administrative Appeals Office in support of the appeal of the revocation of appellant's TPS benefit.   Upon the court's request, counsel agreed to submit a copy of both the *Padilla* case and the USCIS memorandum to the court.  Counsel made no further assertions regarding appellant testifying, nor made a proffer of appellant's testimony.

{¶ 13} On May 23, 2013, appellant filed a supplemental motion to withdraw his guilty plea.  Appellant attached to the motion a copy of the USCIS memorandum, along with a copy of the *Padilla* case.  Once again, appellant did not attach an affidavit or any other evidence in support of his contention that his trial counsel failed to advise him of the deportation consequences of his guilty plea.

{¶ 14} By decision and entry issued May 30, 2013, the trial court denied appellant's motion to withdraw his guilty plea.  The trial court noted that appellant had failed to present evidence, such as an affidavit, in support of his allegation that his trial counsel was deficient in failing to advise him of the deportation consequences of his plea.  The

court averred, however, that, "[e]ven if the Court were to accept the defendant's allegation of deficient performance as true without the required evidence, the defendant has not shown prejudice." (May 30, 2013 Decision and Entry, 4.) In finding that appellant had failed to demonstrate prejudice, the court stated:

> In this case, the defendant has alleged that, had he known that his TPS benefit would be withdrawn, he would not have accepted the plea bargain. However, the defendant has not shown that a decision to forgo the plea bargain and go to trial would have been rational. He has not alleged that he had any defense to the charges against him. He has not alleged any other reason that a trial would not have resulted in a guilty verdict on one or more of the charges. Faced with a trial conviction, he would not have been any better off than he is now. His situation would likely have been worse, because without the plea agreement he would have faced enhanced penalties under R.C. 4511.19(G)(1)(c) for a second OVI offense within six years. In addition, the defendant would have been subject to the three misdemeanor charges that were dismissed as part of the plea agreement, any one of which would have resulted in withdrawal of his TPS benefit. The defendant has offered no evidence to show that a decision to refuse the plea bargain would have been rational, and has therefore failed to show that any deficiency in his trial counsel's performance prejudiced him.

(May 30, 2013 Decision and Entry, 5-6.)

## II. ASSIGNMENTS OF ERROR:

{¶ 15} Appellant filed a timely notice of appeal and assigns the following as error:

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA[.]

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT DID NOT SHOW PREJUDICE[.]

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRED IN NOT ACCEPTING DEFEND-ANT'S OFFER OF TESTIMONY[.]

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT ERRED IN FAILING TO CONSIDER DEFENDANT'S ARGUMENT THAT HIS PLEA WAS INVOLUNTARY BECAUSE HE LACKED FULL UNDER-STANDING OF THE CONSEQUENCES[.]

## III. DISCUSSION

{¶ 16} Appellant's assignments of error are interrelated and, thus, will be considered together. In his first assignment of error, appellant contends the trial court abused its direction in denying his motion to withdraw his guilty plea. Specifically, appellant maintains he was denied the effective assistance of counsel because his trial counsel did not inform him of the deportation consequences of his plea as required by *Padilla.* By his second assignment of error, appellant asserts the trial court abused its discretion in finding he did not establish prejudice resulting from trial counsel's deficient actions. In his third assignment of error, appellant contends the trial court erred in denying him the opportunity to testify at the hearing. In his fourth and final assignment of error, appellant argues that, because of trial counsel's noncompliance with *Padilla,* his guilty plea was not voluntarily entered.

{¶ 17} Motions to withdraw guilty pleas are governed by Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant filed his motion after sentencing, the issue before the trial court was whether granting the motion would correct a manifest injustice. " 'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Yahya*, 10th Dist. No. 10AP-1190, 2011-Ohio-6090, ¶ 6, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11. A defendant seeking to withdraw a guilty plea following imposition of sentence bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to

the motion. *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 8, citing *State v. Orris*, 10th Dist. No. 07AP-390, 2007-Ohio-6499.

{¶ 18} A trial court's decision to deny a post-sentence motion to withdraw a guilty plea is subject to review for abuse of discretion. *Id.* at ¶ 10. "Absent an abuse of discretion on the part of the trial court, its decision concerning a post-sentence motion to withdraw [a] guilty plea must be affirmed." *State v. Tovar*, 10th Dist. No. 11AP-1106, 2012-Ohio-6156, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, we note that no court has the authority, within its discretion, to commit an error or law." *Tovar* at ¶ 7, citing *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 19} Appellant contends the trial court abused its discretion by denying his motion to withdraw his guilty plea because, pursuant to *Padilla*, his trial counsel rendered ineffective assistance by not advising him about the risk of deportation arising out of his guilty plea. Ineffective assistance of counsel may constitute manifest injustice requiring post-sentence withdrawal of a guilty plea. *Tovar* at ¶ 9, citing *Yahya* at ¶ 9. To establish a claim of ineffective assistance of counsel, appellant must demonstrate that his trial counsel's performance was deficient and that trial counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffectiveness of trial counsel. *Id.* at 697.

{¶ 20} Appellant also argues that his plea was not voluntarily entered due to trial counsel's ineffectiveness. A manifest injustice occurs when a plea is not knowingly, voluntarily or intelligently entered. *Williams* at ¶ 9.

{¶ 21} In order to demonstrate that his counsel's performance was deficient, appellant must prove that trial counsel's performance fell below an objective standard of reasonable representation. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 133. Appellant must overcome the strong presumption that trial counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland* at 689. To demonstrate prejudice, appellant must establish that there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 204. As applied to guilty pleas, the second prong of the ineffective-assistance test requires the defendant to " 'show that there

is a reasonable probability that, but for trial counsel's errors, he would not have pleaded guilty.' " *Xie* at 524, quoting *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366 (1985).

{¶ 22} As noted above, appellant's ineffective-assistance claim is premised primarily upon the United States Supreme Court's decision in *Padilla.* In that case, Padilla, a native of Honduras who had been a lawful permanent resident of the United States for over 40 years, pleaded guilty to the transportation of a large amount of marijuana, a deportable offense under 8 U.S.C. 1227(a)(2)(B)(i). Padilla claimed that his trial counsel not only failed to advise him of this deportation consequence prior to his entering the plea, but affirmatively misadvised him that he did not have to worry about his immigration status because he had lived in the United States for such a long period. Padilla claimed that he relied on his trial counsel's erroneous advice when he pleaded guilty to the drug charges that made his deportation virtually mandatory and that he would have insisted on going to trial had he not received incorrect advice from his attorney.

{¶ 23} The Supreme Court held that trial counsel's failure to inform Padilla "whether his plea carrie[d] a risk of deportation" constituted deficient performance under the first prong of *Strickland. Id.* at 374. The Supreme Court found the terms of the relevant immigration statute to be "succinct, clear, and explicit" in defining the removal consequence of Padilla's conviction and that Padilla's trial counsel "could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses." *Id.* at 368. Accordingly, under the facts of *Padilla*, because "[t]he consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his trial counsel's advice was incorrect." *Id.* at 368-69.

{¶ 24} The Supreme Court also recognized, however, that immigration law "can be complex," and that there will "undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." *Id.* at 369. The Supreme Court determined that, in those instances in which the law "is not succinct and straightforward[,]" the duty of trial counsel "is more limited," and "a criminal defense

attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

{¶ 25} The Supreme Court rejected the government's proposition that *Strickland* applied to Padilla's claim only to the extent that he had alleged affirmative misadvice. "[T]here is no relevant difference 'between an act of commission and an act of omission' in this context." *Id.* at 370, citing *Strickland* at 690. " 'The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Id.* at 370, citing *Strickland* at 690.

{¶ 26} As to the prejudice prong of the *Strickland* test, the Supreme Court averred that a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* at 372. This court has stated that the determination regarding whether a decision to reject a plea bargain would have been rational under the circumstances "is an objective one which is dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Tovar* at ¶ 13. While the *Padilla* court found that trial counsel's performance was deficient under the first prong of *Strickland*, the Supreme Court did not grant a new trial; rather, the Supreme Court remanded the matter on the prejudice issue because the lower court decisions had not addressed it. *Padilla* at 374.

{¶ 27} In the present case, a review of 8 C.F.R. 244.4(a) arguably supports appellant's claim that deportation would automatically result from his plea based on the circumstances of his case. That provision states that an alien shall be ineligible for a TPS benefit if he or she has been convicted of "two or more misdemeanors, as defined in § 244.1." Section 244.1 defines "misdemeanor" as "a crime committed in the United States, either: (1) [p]unishable by imprisonment for a term of one year or less, regardless of the term such alien actually served, if any, or (2) [a] crime treated as a misdemeanor under the term 'felony' of this section." Pursuant to the guilty plea entered on July 9, 2012, appellant has been convicted of two misdemeanor offenses punishable by imprisonment for a term of one year or less. *See* R.C. 4511.19. Pursuant to 8 C.F.R. 244.4(a), appellant's second misdemeanor conviction resulted in his ineligibility for a TPS benefit. As in *Padilla*, appellant's trial counsel could have easily determined that his guilty plea would make him ineligible for a TPS benefit and, thus, subject to deportation simply from reading the text of the relevant statute. Accordingly, appellant's trial counsel

was obligated to advise appellant that his pending criminal charge carried a risk of adverse immigration consequences, including deportation. See *Padilla* at 369.

{¶ 28} Although appellant contends that his trial counsel did not advise him of the mandatory deportation consequences of his plea, appellant presents no evidence establishing that fact. As noted above, appellant did not file an affidavit in support of either his original motion or his supplemental motion. Further, appellant did not present any testimonial evidence at the hearing establishing that trial counsel failed to properly advise appellant of the plea consequences. As noted above, counsel conceded at the hearing that he had not subpoenaed appellant's trial counsel to testify. In addition, appellant did not testify on his own behalf. Although appellant argues that the trial court refused to accept his offer of testimony, the transcript of the hearing does not support this contention. When counsel asserted that appellant was prepared to testify that trial counsel did not advise him of the immigration consequences of a second misdemeanor conviction, the court did not affirmatively indicate that it would not permit appellant to testify; rather, the court merely asked counsel if there was "anything else." Rather than formally calling appellant to testify, counsel stated that he had nothing further to offer. Counsel made no further attempt to call appellant as a witness during the remainder of the hearing, and he did not attempt to proffer appellant's testimony.

{¶ 29} To demonstrate deficient performance by trial counsel, appellant presents only his present counsel's written words (contained in the motion to withdraw) and oral assertions (made at the hearing on the motion to withdraw) that appellant's trial counsel did not advise him of the deportation consequences of his guilty plea. The absence of evidence in the record to support counsel's unsworn assertions means that appellant has failed in his burden of establishing that trial counsel performed deficiently. "Where the defendant fails to 'carry his burden of presenting facts from the record or supplied through affidavit that establish manifest injustice * * *,' we are not required to permit withdrawal of the plea." *State v. Muhumed,* 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 47, quoting *State v. Garcia,* 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 15.

{¶ 30} Having determined that appellant failed to demonstrate that trial counsel's performance was deficient as required under the first prong of *Strickland,* we need not consider appellant's arguments whether, under the second prong of *Strickland,* appellant

demonstrated prejudice. *See State v. Bieksza,* 10th Dist. No. 12AP-176, 2012-Ohio-5976, ¶ 24.

{¶ 31} Appellant has not demonstrated that his trial counsel was ineffective in failing to comply with *Padilla.* Because appellant's argument regarding the involuntariness of his plea is predicated on his ineffective-assistance-of-counsel claim, he has failed to prove that his plea was not entered voluntarily. Accordingly, this court concludes that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

## IV. DISPOSITION

{¶ 32} Based on the foregoing, we overrule appellant's four assignments of error and hereby affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

KLATT and CONNOR, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____