[Cite as *Columbus v. Akbar*, 2016-Ohio-2855.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-776 |
| v. | : | (M.C. No. 2014 CRB 11939) |
| Rabia Akbar, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 5, 2016

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, *Lara N. Baker*, City Prosecutor, and *Melanie R. Tobias* for appellee. **Argued:** *Orly Ahroni*

**On brief:** *Bradley P. Koffel*, for appellant.

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Defendant-appellant, Rabia Akbar, appeals from a judgment of the Franklin County Municipal Court denying her motion to withdraw her plea. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On May 19, 2014, a Columbus Police Officer filed a complaint in the trial court charging appellant with a single count of child endangering, a first-degree misdemeanor, in violation of R.C. 2919.22(A). The charge arose out of a visit to a local mall during which appellant left her two-year-old child in the car while she went inside the mall to shop. Appellant initially entered a not guilty plea but, on the day of trial, withdrew that plea and entered a no contest plea to the charge. The trial court accepted her plea, found her guilty, and sentenced her accordingly.

No. 15AP-776

{¶ 3} Six months later, appellant filed a motion to withdraw her plea. She alleged that she received ineffective assistance of counsel that caused her to enter her plea. Specifically, she alleged that trial counsel was ineffective for failing to ask for a continuance upon learning that she could not seal her conviction and for initially advising her that her conviction could be sealed. She also alleged that she did not have a meaningful understanding of the charge or of the consequences that would result from a conviction due to her trial counsel's ineffective assistance.

{¶ 4} The trial court held a hearing on appellant's motion. During the hearing, appellant described the circumstances surrounding how she left her baby in the car at the mall and how she came to hire her trial counsel, Ryan Shafer, to represent her against the charge of child endangering. She then described the day she entered her no contest plea. She explained that she was quite nervous that day and embarrassed because Shafer was late to court that day. (Tr. 26.) Appellant said that when Shafer did arrive at court, he told her that her best plan was to enter a no contest plea to the charge and that she would only have to pay a fine. If she did not, he said, she could go to jail for six months. (Tr. 21-23.) Appellant asked Shafer whether that plea could be sealed and, after a phone call to his office, Shafer told her that the plea could not be sealed. Appellant was concerned how the conviction would effect her career and her employment as a critical care pediatrician working at Nationwide Children's Hospital. Shafer told her that they could deal with that later, but at that moment, she needed to enter her no contest plea. He told her that she could contact an attorney who dealt with medical licensure issues because he did not have that experience. (Tr. 78.) Appellant then went before the trial court and entered a no contest plea to the charge of child endangering. Shafer testified to a similar series of events, although he recalled explaining to appellant other options than a no contest plea; that of asking to have the matter continued or going to trial. Shafer explained that ultimately, appellant decided to take advantage of the plea bargain. (Tr. 88.)

{¶ 5} The trial court denied the motion, concluding that appellant failed to demonstrate a manifest injustice to warrant the withdrawal of her plea.

## II. Appellant's Appeal

{¶ 6} Appellant appeals that judgment and assigns the following errors:

[1.] The trial court erred by finding no ineffective assistance of counsel resulting in prejudice to appellant.

No. 15AP-776

[2.] The trial court abused its discretion by finding no manifest injustice to appellant despite her lack of understanding of her plea and its consequences.

## A. The Trial Court's Denial of Appellant's Motion to Withdraw her Plea

{¶ 7} Because appellant's assignments of error collectively address the trial court's decision denying her motion to withdraw her plea, we address them together.

{¶ 8} Crim.R. 32.1 permits a motion to withdraw a plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a defendant such as appellant who seeks to withdraw a plea after the imposition of sentence carries the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. " 'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Sappington*, 10th Dist. No. 09AP-988, 2010-Ohio-1783, ¶ 7, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice is an extremely high standard, and a defendant may only withdraw a plea in extraordinary cases. *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, citing *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11.

{¶ 9} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. *Sappington* at ¶ 8, citing *Smith* at paragraph two of the syllabus. Therefore, this court's review of a trial court's denial of a post-sentence motion to withdraw a plea is limited to a determination of whether the trial court abused its discretion. *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16; *State v. Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966, ¶ 11. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law. *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

## B. Ineffective Assistance of Counsel

{¶ 10} Appellant claims that her plea should be withdrawn due to her trial counsel's deficient conduct. Ineffective assistance of counsel may constitute manifest

No. 15AP-776

injustice requiring post-sentence withdrawal of a plea. *State v. Tovar*, 10th Dist. No. 11AP-1106, 2012-Ohio-6156, ¶ 9. To establish a claim of ineffective assistance of counsel, appellant must demonstrate that his trial counsel's performance was deficient and that trial counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffectiveness of trial counsel. *Id.* at 697; *State v. Martinez*, 10th Dist. No. 13AP-704, 2014-Ohio-2425, ¶ 19. In cases seeking the withdrawal of a plea, the second prong of the ineffective-assistance test requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 89, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also State v. Jones*, 10th Dist. No. 11AP-1123, 2012-Ohio-3767, ¶ 33.

{¶ 11} Appellant argues that her trial counsel was ineffective because he did not tell her about all the consequences of her plea. Specifically, he did not inform her that as a result of her plea, she would be disqualified from caring for children at a children's hospital pursuant to R.C. 2151.86.[1] She argues that this omission caused her plea not to be knowing, voluntary, or intelligent. *See State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 14 ("A guilty plea nonetheless waives the right to assert ineffective assistance of counsel unless the counsel's errors affected the knowing and voluntary nature of the plea."); *State v. Shoulders*, 3d Dist. No. 5-13-12, 2014-Ohio-435, ¶ 35 ("When a defendant pleads guilty, a claim of ineffective assistance of counsel may be grounds for vacating his plea only to the extent that counsel's ineffectiveness makes the plea less than knowing and voluntary."); *State v. Banks*, 2d Dist. No. 25188, 2013-Ohio-2116, ¶ 9 ("When arguing the ineffective assistance of counsel in a motion to withdraw a plea, the defendant must show that counsel's ineffectiveness affected whether the defendant made a knowing and voluntary plea.").

{¶ 12} Even assuming that appellant's trial counsel was deficient for not informing her of R.C. 2151.86, she has not demonstrated prejudice, i.e., she has failed to show a reasonable probability that but for trial counsel's error, she would not have pled guilty and

---

[1] That statute does prohibit appellant from employment as a physician in a children's hospital as the result of her child endangering conviction. R.C. 2151.86(C). However, it appears that she may return to work again in a children's hospital if she meets certain rehabilitation standards, R.C. 2151.86(F), or obtains a certification of qualification for employment pursuant to R.C. 2953.25.

instead would have proceeded to trial. Appellant never stated that she would not have entered her plea and would have proceeded to trial had she known about R.C. 2151.86 and the effect it would have on her ability to practice medicine. In her affidavit in support of her motion to withdraw, she alleges that trial counsel did not properly represent her but does not state that she would not have entered her plea and proceeded to a trial. Similarly, at the hearing on her motion, appellant testified that her trial counsel did not fully inform her of the consequences of her plea and that, as a result, her plea was not knowing or intelligent. (Tr. 27.) She never testified that she would have proceeded to a trial had she known of the effects of the statute. *Jones* at ¶ 33; *State v. Wallace*, 6th Dist. No. WD-11-031, 2012-Ohio-2675, ¶ 26 (affirming denial of motion to withdraw in part because defendant did not claim that he would have pled guilty but for counsel's alleged deficient conduct); *State v. Taylor*, 6th Dist. No. L-14-1150, 2015-Ohio-2671, ¶ 13 (rejecting ineffective assistance claim in part on defendant's failure to assert that he would not have entered plea but for trial counsel's failures).[2]

{¶ 13} Because appellant failed to allege that she was prejudiced by her trial counsel's performance, the trial court did not abuse its discretion by concluding that appellant failed to demonstrate ineffective assistance of counsel to support a claim of manifest injustice in order to withdraw her no contest plea. Accordingly, we overrule appellant's two assignments of error.

## III. Conclusion

{¶ 14} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

———————

[2] Even if appellant had stated that she would not have entered her plea and would have proceeded to a trial, we note that at the time of her plea, appellant faced up to six months of jail time for a conviction as well as a period of probation. (Tr. 43.) As a result of her plea bargain, she neither went to jail nor was she placed on probation. Instead, she paid a $500 fine and court costs. Appellant does not assert her innocence to the charge, nor does she provide any defense she could have raised to the count of child endangering at a trial. This is significant because in similar cases seeking the withdrawal of a plea, a defendant must convince the court that "a decision to reject the plea bargain would have been rational under the circumstances." *Tovar* at ¶ 13. In light of her plea bargain and absent a claim of innocence and/or a valid defense to the charge, we are not convinced that it would have been a rational decision to reject the plea bargain and proceed to a trial.