[Cite as *State v. Allen*, 2022-Ohio-3996.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 22AP-258<br>(C.P.C. No. 21CR-3189) |
| Jeffrey R. Allen, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on November 8, 2022

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Taylor M. Mick*, for appellee. **Argued:** *Taylor M. Mick*.

**On brief:** *Blaise G. Baker*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Jeffrey R. Allen, Jr., appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following his guilty plea to one count of attempted possession of a fentanyl-related compound. For the following reasons, we affirm.

{¶ 2} On August 6, 2021, appellant was indicted on one count of possession of a fentanyl-related compound in violation of R.C. 2925.11, a fifth-degree felony. On February 16, 2022, appellant entered a guilty plea to the stipulated lesser-included offense of attempted possession of a fentanyl-related compound in violation of R.C. 2923.02 as it relates to R.C. 2925.11, a first-degree misdemeanor. Appellant also pleaded guilty to crimes indicted in two other Franklin County common pleas court cases. Following a presentence

investigation ("PSI"), the trial court held a sentencing hearing on March 22, 2022. The trial court sentenced appellant to a jail term of 49 days with 49 days jail-time credit and ordered that the sentence be served concurrent with the aggregate 9-year prison sentence imposed in the other two cases. The trial court memorialized appellant's conviction and sentence in a judgment entry issued April 14, 2022.

{¶ 3} Appellant timely appeals, setting forth one assignment of error for our consideration:

> Defendant-Appellant was deprived of effective assistance of counsel.

{¶ 4} Under his assignment of error, appellant contends that he was deprived of effective assistance of counsel. Appellant argues that his counsel told him that if he plead guilty to the charges in the instant case and the other two cases, he would receive community control. Appellant argues that he relied on counsel's assertion in entering his guilty pleas.

{¶ 5} To establish a claim of ineffective assistance of counsel, appellant must demonstrate that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffective assistance of trial counsel. *Id.* at 697; *State v. Martinez*, 10th Dist. No. 13AP-704, 2014-Ohio-2425, ¶ 19.

{¶ 6} A guilty plea waives the right to assert ineffective assistance of counsel unless counsel's errors affect the knowing and voluntary nature of the plea. *State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 14; *State v. Shoulders*, 3d Dist. No. 5-13-12, 2014-Ohio-435, ¶ 35 (when a defendant enters a guilty plea, a claim of ineffective assistance of counsel may be grounds for vacating his plea only to the extent that counsel's ineffectiveness makes the plea less than knowing and voluntary); *State v. Mays*, 8th Dist. No. 89362, 174 Ohio App.3d 681, 2008-Ohio-128, ¶ 9 (when a defendant claims ineffective assistance of counsel after entering a guilty plea, she must also show that the ineffective assistance precluded her from entering the plea knowingly and voluntarily).

{¶ 7} The record in this case does not support appellant's assertion that he was deprived of effective assistance of counsel. Appellant's signed guilty plea form indicates that before entering his plea, he had been advised by counsel of his constitutional and

statutory rights as well as the facts and law of his case. The form further indicates that he understood that his guilty plea constituted both an admission of guilt and a waiver of certain constitutional, statutory, and procedural rights. In addition, the form indicates that the charge to which he was pleading guilty carried a maximum penalty of 180 days in jail and/or a $1,000 fine. Moreover, the guilty plea form indicates that he had not been threatened, promised leniency or otherwise coerced or induced into pleading guilty, that the plea represented the free and voluntary exercise of his own will and best judgment, and that he was satisfied with the advice provided by his counsel.

{¶ 8} Consistent with the statements provided in the plea form, appellant acknowledged at the plea hearing that he signed the plea form after his counsel explained it to him. He further acknowledged the trial court's assertions that the maximum jail sentence for the first-degree misdemeanor offense to which he was pleading guilty was 180 days, that it was possible he could receive community control, but that the trial court had made no promises regarding the sentence to be imposed. Appellant also indicated that he understood that in entering the guilty plea, he was waiving the constitutional rights as explained by the trial court and that he was entering the plea knowingly, voluntarily, and intelligently.

{¶ 9} At the sentencing hearing, the prosecution argued that the statements appellant made during his interview with the PSI report writer proved that he was not amenable to community control and that he should be sentenced to a term of incarceration. In response, defense counsel argued that appellant, a veteran of the armed forces, had expressed remorse for his actions and wished to undergo treatment for his drug problem through the Veteran's Administration ("VA"). In his address to the court, appellant apologized for his actions and indicated he wished to avoid incarceration and get treatment for his drug problem through the VA.

{¶ 10} Following this discussion, the trial court sentenced appellant to 49 days in jail, awarded 49 days jail-time credit, and ordered that the sentence be served concurrent with the aggregate 9-year prison term the court imposed in the other two cases. Thereafter, appellant stated that "[defense counsel] told me that if I plead these out, I was getting probation and that's why I plead out these charges." (Mar. 22, 2022 Sentencing Hearing Tr. at 24.) Defense counsel responded, "[f]or the record, I did not - -." *Id.*

{¶ 11} As the record demonstrates, there is no evidence, aside from appellant's self-serving statement at the conclusion of the sentencing hearing, that he was coerced into pleading guilty by his counsel's alleged promise that he would be sentenced to community control instead of jail time. Indeed, the signed guilty plea form states that he was not coerced into pleading guilty, the trial court advised him at the plea hearing that although community control was a possibility, the trial court was making no promises about the sentence to be imposed, and defense counsel expressly refuted appellant's assertion on the record. Further, even had counsel inaccurately predicted that appellant would be placed on community control, appellant still cannot meet his burden of establishing deficient performance. " ' "[A]n attorney's 'mere inaccurate prediction of a sentence' does not demonstrate the deficiency component of an ineffective assistance of counsel claim." ' " *McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 31, quoting *State v. Glass,* 10th Dist. No. 04AP-967, 2006-Ohio-229, ¶ 34, quoting *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir.1999), and citing *Wiant v. United States*, S.D.Ohio No. 2:04-CV-256, 2005 U.S. Dist. LEXIS 48849 (July 11, 2005) ("where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel"). *Id.* at *50.

{¶ 12} Moreover, even assuming that appellant could somehow demonstrate that his counsel's advice regarding the sentence constituted deficient performance, appellant cannot show prejudice. To establish prejudice, appellant must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty" and would have insisted on going to trial. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Although appellant's assertion that he "plead out" to the charge because counsel told him he would get community control arguably might demonstrate a showing that but for counsel's erroneous advice he would not have pleaded guilty and would have insisted on going to trial, we note that appellant was originally charged with a fifth-degree felony, pursuant to which he faced a prison sentence of six to twelve months. R.C. 2929.14(A)(5). As a result of his plea bargain, he was convicted of a first-degree misdemeanor, under which he faced up to six months of jail time. R.C. 2929.24(A)(1). In addition, under the plea bargain, appellant essentially

received a sentence of time served for the first-degree misdemeanor. Appellant does not assert his innocence to the charge, nor does he provide any defense he could have raised at trial. In light of his plea bargain and absent a claim of innocence and/or a valid defense to the charge, we are not persuaded that it would have been a rational decision to reject the plea bargain and proceed to trial. *See Columbus v. Akbar*, 10th Dist. No. 15AP-776, 2016-Ohio-2855, ¶ 12, fn. 2.

{¶ **13**} Because appellant has failed to establish either prong of his ineffective assistance of counsel claim, we overrule his assignment of error.

{¶ **14**} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and McGRATH, J., concur.

———————————